

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50407 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01821-W-1 |
| v. | |
| HECTOR CEBALLOS-CASTILLO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted June 6, 2014**
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and CHEN, District Judge.***

Over Ceballos-Castillo's objection, the district court enhanced by sixteen

levels Ceballos-Castillo's sentence for attempted reentry after removal. The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

district court applied the enhancement because it concluded that Ceballos-Castillo's prior conviction under Oregon's third degree rape statute, Or. Rev. Stat. § 163.355, was a categorical match for the generic federal definition of statutory rape and, therefore, a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A).

While this appeal was pending, this court clarified that the generic federal definition of "statutory rape" includes as an element a four-year age difference between the victim and the defendant. United States v. Gomez, 732 F.3d 971 (9th Cir. 2013), as amended United States v. Gomez, -- F.3d --, 2014 WL 1623725 (9th Cir. April 24, 2014). Because Oregon's statutory rape law does not include this element, it is broader than the federal definition. Therefore, we vacate Ceballos-Castillo's sentence and remand for resentencing.

**Vacated and Remanded.**